UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| JAMES W. THURMAN, | ) | |
| | ) | Case No. 1:22-cv-39 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Christopher H. Steger |
| DERRICK SAXE, RITA DENISE, and MARK SAXE, | ) ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

On February 17, 2022, Plaintiff, a prisoner in the Bradley County Justice Center, filed a pro se complaint for violation of 42 U.S.C. § 1983 (Doc. 2), a supplement to his complaint (Doc. 3), and a motion for leave to proceed *in forma pauperis* (Doc. 1).

I. **MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner who files a complaint in a district court must tender the full filing fee or he must file (1) an application to proceed *in forma pauperis* without prepayment of fees and (2) "a certified copy of [his] inmate trust account statement (or institutional equivalent) [] for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $402.00 filing fee, nor has he submitted the proper documents to proceed *in forma pauperis*. Specifically, Plaintiff has not filed a certified copy of his inmate trust account statement for the previous six-month period, or the institutional equivalent.

On February 18, 2022, the Court directed the Clerk to to send Plaintiff an inmate trust account statement form and ordered Plaintiff to pay the full filing fee or to submit the necessary

documents. (Doc. 5.) Plaintiff has since sent two letters to the Court indicating that he has tried but has been unable to obtain the necessary information from the officials where he is incarcerated. (Docs. 6, 7.) However, because the Court will dismiss Plaintiff's action as frivolous, the Court will **DENY** Plaintiff's motion for leave to proceed *in forma pauperis* **AS MOOT**.

## II. SCREENING UNDER THE PLRA

### A. Standard of Review

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe *pro se* pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

### B. Allegations of the Complaint

Plaintiff's complaint purports to assert a 42 U.S.C. § 1983 claim against Defendants based on a false arrest by Defendant Derrick Saxe on November 20, 2020. (Doc. 2, at 4.) He

2

alleges that Defendant Saxe arrested him for being a felon in possession of a firearm. (*Id.*) Plaintiff also alleges that Defendant Rita Denise is liable because she called the Sheriff's Department to complain about gun shots the day of Plaintiff's arrest and that Defendant Mark Saxe is liable because he told Defendant Denise to "keep [an] eye on" Plaintiff. (*Id.*)

**C.     Analysis**

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "[s]ection 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere"). Federal district courts apply the State's statute of limitations for personal-injury actions in proceedings arising under 42 U.S.C. § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007). In Tennessee, that period is one year. *See* Tenn. Code Ann. § 28-3-104; *Foster v. State*, 150 S.W.3d 166, 168 (Tenn. Ct. App. 2004) (applying the one-year statute of limitations from Tenn. Code Ann. § 28-3-104 in a § 1983 claim). When the statute begins to run, however, is an issue of federal law. *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (citations omitted). A claim of false arrest under § 1983, and imprisonment subsequent to that arrest, accrues on the date the arrest was made. *See McCune v. Cty. of Grand Rapids*, 842 F.2d 903, 906–07 (6th Cir. 1988).

Plaintiff alleges that the false arrest in this case occurred on November 10, 2020, but he did not file his complaint until February 17, 2022. (*See* Doc. 1.) Because Plaintiff did not file his claim within the one year of the alleged false arrest, his claim is barred by the applicable statute of limitations. Accordingly, this action will be dismissed as frivolous. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001) (holding district court properly dismissed as frivolous inmate's claim that was barred by the statute of limitations).

### III. CONCLUSION

For the reasons set forth above, Plaintiff's complaint (Doc. 2) is **DISMISSED WITH PREJUDICE** as frivolous and his motion for leave to proceed *in forma pauperis* (Doc. 1) is **DENIED AS MOOT**. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**